**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAY ALLEN HENCH,** | : | **CIVIL NO. 3:CV-12-1032** |
| **Petitioner,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Petitioner Jay Allen Hench  ("petitioner"), a state inmate incarcerated at the State

Correctional Institution at Rockview (SCI Rockview), Bellefonte, Pennsylvania, initiated this

action pursuant to 28 U.S.C. § 2254, on November 28, 2011, in the United States District

Court for the Western District of Pennsylvania, challenging his Court of Common Pleas of

Cumberland County, Pennsylvania, convictions for Involuntary Deviate Sexual Intercourse,

Sexual Assault, Indecent Assault, Sale of Liquor or Malt or Brewed Beverages to Minors.

(See Doc. 1; Doc. 13, at ¶ 2; see also Electronic Docket No. CP-21-CR-0002430-2008 found

at http://ujsportal.pacourts.us)  The petition was electronically transferred to this court on

May 31, 2012. (Docs. 2, 7, 9, 10.)

Upon preliminary review of the petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, see R. GOVERNING § 2254 CASES R. 4, it appeared that the petition may be

barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir.

2005) (en banc) (holding that district courts may sua sponte raise AEDPA's one-year statute

of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond).  On June 5, 2012, the parties were notified that the petition appeared to be untimely and respondent was directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations, and petitioner was afforded the opportunity to file a reply.  (Doc. 12.)  On June 13, 2011, respondent filed an answer (Doc. 13).  Petitioner has not filed a reply.  For the reasons set forth below, the petition will be dismissed as untimely.

## I.    **Background**

On February 23, 2009, petitioner pled guilty to Involuntary Deviate Sexual Intercourse, Sexual Assault, Indecent Assault, and Sale of Liquor or Malt or Brewed Beverages to Minors in the Court of Common Pleas of Cumberland County.  On June 16, 2009, he was sentenced to an aggregate sentence of eighteen to thirty-six years imprisonment as per a plea agreement.  (Doc. 13, at ¶ 3.)  He filed a post sentence motion to withdraw his guilty plea on July 22, 2009.  (See Electronic Docket No. CP-21-CR-0002430-2008 at 8.) The motion was amended on November 18, 2009.  (Id. at 10.)  After a November 19, 2009 hearing, the motion was denied.  (Id. at 11.)  No direct appeal was filed and petitioner did not pursue post conviction collateral relief.

2

As noted above, the instant petition was filed in the United States District Court for the Western District of Pennsylvania on November 28, 2011, and electronically transferred to this court on May 31, 2012. (Docs. 2, 7, 9, 10.)

## II.  **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d) (1).  A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become

final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Following pleas of guilty to Involuntary Deviate Sexual Intercourse, Sexual Assault, Indecent Assault, and Sale of Liquor or Malt or Brewed Beverages to Minors, petitioner was sentenced on June 16, 2009, to a term of imprisonment of eighteen to thirty-six years. Thereafter, he filed a motion to withdraw his guilty plea, which was denied on November 19, 2009.  He had thirty days to seek direct review by the Superior Court of Pennsylvania. Pa.R.A.P. 903.  No direct appeal was filed.  His judgment therefore became final thirty days later, on or about December 19, 2009.  The one-year period for the statute of limitations commenced running as of that date and expired on December 19, 2010.  Hence, the federal petition, which was filed November 28, 2011, appears to be untimely.  However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

## A.    Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  On October 13, 2008, petitioner filed a petition for post conviction collateral relief, which he titled "Motion to Correct Plea Agreement," pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the

limitations period runs out, otherwise there is nothing left to be tolled.  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (" 'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.") (some internal quotations omitted), reh'g and reh'g *en banc* denied, 273 F.3d 1123 (11th Cir. 2001).

The federal limitations period expired on December 9, 2010.  No PCRA petition was filed which would operate to toll the statute.  Hence there is no statutory tolling of the limitations period.

### B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish the following elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v.

5

Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See

LaCava, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted

with reasonable diligence throughout the period he seeks to toll."  Warren v. Garvin, 219

F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

As concerns extraordinary circumstances, they have been found where (1) the

defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way

been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights

mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party

regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn,

398 F.3d 225, 230 (3d Cir. 2005).  Significantly, even where extraordinary circumstances

exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in

attempting to file after the extraordinary circumstances began, the link of causation between

the extraordinary circumstances and the failure to file is broken, and the extraordinary

circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768,

773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does seek equitable tolling, and there is no indication in the record that

suggests that equitable tolling is warranted in this case.

## III.    Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be

dismissed as untimely.

## IV.    Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:	July 2, 2011

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAY ALLEN HENCH,         :      CIVIL NO. 3:CV-12-1032
        Petitioner,      :
                     :      **(Judge Munley)**
         v.            :
                     :
COMMONWEALTH OF        :
PENNSYLVANIA, et al.,       :
        Respondents     :

## ORDER

**AND NOW**, to wit, this 2nd day of July 2012, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The petition for writ of habeas corpus (Doc. 7) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations.  See 28 U.S.C. § 2244(d).

2.    There is no basis for the issuance of a certificate of appealability.  28 U.S.C. § 2253(c).

3.    The Clerk of Court is directed to CLOSE this case.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**